**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW HETLAND, an individual, | No.    15-55679 |
| Plaintiff-Appellee, | D.C. No. 8:13-cv-00936-DOC |
| v. | |
| TRAVIS BEAUCHESNE, an individual; ICLICK PROMOTIONS, LLC, a Utah limited liability company; PLAYA NEGRA ENTERPRISES, a Costa Rica entity of unknown origin, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 6, 2017
Pasadena, California

Before:  SCHROEDER, DAVIS,[**] and MURGUIA, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Andre M. Davis, United States Circuit Judge for the Fourth Circuit, sitting by designation.

Travis Beauchesne appeals from the district court's judgment, after a jury verdict, awarding appellee Matthew Hetland compensatory and punitive damages. The jury found for Hetland on grounds that included breach of a partnership agreement, misrepresentation, and fraud. The district court denied Beauchesne's renewed motion for judgment as a matter of law ("JMOL") and his request for a new trial.

The main issues before us relate to the sufficiency of the evidence. The record contains conflicting testimony by Hetland and Beauchesne, and third party testimony supporting Hetland. It is not for us to weigh evidence or assess the credibility of the witnesses. *See Landes Const. Co. Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987). The appellants are essentially asking this court to reject the jury's credibility findings, and this we cannot do. *Id*.

The district court recognized that there were inconsistencies in the Hetland testimony, but found that substantial evidence nevertheless supported the jury's verdict. It denied Beauchesne's renewed motion for JMOL and request for a new trial. The district court heard all of the evidence and was in a far better position than this court to evaluate its sufficiency and weight. We defer to the district court's conclusions as to its sufficiency. *See Gilbrook v. City of Westminster*, 177

F.3d 839, 856 (9th Cir. 1999) ("We may not assess the credibility of witnesses in determining whether substantial evidence exists to support the jury's verdict.").

With respect to damages, the amount of compensatory damages is supported by the evidence in the record. Also supported by the evidence are the jury findings of fraud and misrepresentation underlying the award of punitive damages. It was not excessive under applicable constitutional standards. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (concluding, in a case involving breach of contract and misrepresentation, that a punitive damages to compensatory damages ratio of 2.6:1 was "well within the Supreme Court's suggested range for constitutional punitive damages awards").

**AFFIRMED**.